**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>VG Liquidation, Inc., *et al*.,<br>Debtors.[1] | Chapter 11<br><br>Case No. 18-11120 (JTD)<br><br>(Jointly Administered) |
|---|---|
| Thomas A. Pitta, Liquidating Trustee of the VG Liquidating Trust,<br>Plaintiff,<br><br>vs.<br><br>The Travelers Companies, Inc. dba Travelers,<br>Defendant. | <br><br><br>Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Thomas A. Pitta, as Liquidating Trustee of the VG Liquidating Trust (the "Trustee" or "Plaintiff"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against The Travelers Companies, Inc. dba Travelers (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: VG Liquidation, Inc. (f/k/a Videology, Inc.) (2191), VG MT Liquidation LLC (f/k/a Videology Media Technologies, LLC) (6243), and VG Liquidation Ltd. (f/k/a Videology Ltd.), a company organized under the laws of England and Wales. The address of the Debtors' corporate headquarters is 145 West Ostend Street, Suite 623, Baltimore, MD 21230.

VG Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors")[2] pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of his rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court"), captioned *In re VG Liquidation, Inc., et al.,* Case No. 18-11120 (JTD), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

6. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409.

[2] The "Debtors" are all entities listed in footnote 1.

7. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that he does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8. On May 10, 2018 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

9. On May 11, 2018, this Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b). [D.I. 25].[3]

10. On July 31, 2018, this Court entered an order confirming the *Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors as of May 15, 2019* (the "Confirmation Order" and "Plan," respectively). [D.I. 1167, 978].

11. The effective date of the Plan (the "Effective Date") occurred on August 15, 2019. [D.I. 1182]. In accordance with the Plan and Confirmation Order, the VG Liquidating Trust (the "Trust") was established on the Effective Date, and the Debtors and the Trustee entered into that certain Liquidating Trust Agreement (the "LTA").

12. Pursuant to Article IV, Section D of the Plan, the Liquidating Trust Claims,[4] including actions arising under chapter 5 of the Bankruptcy Code, were transferred to the Trust. [D.I. 978].

[3] All docket items referenced are from Case No. 18-11120, under which the Debtors' bankruptcy cases are jointly administered.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan and Confirmation Order.

13. Pursuant to Article III, Section A of the Plan and Article I, Section B of the *Amended Disclosure Statement for Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors as of May 15, 2019* (the "Disclosure Statement"),[5] General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

**THE PARTIES**

14. Pursuant to the Plan, Confirmation Order, and the LTA, the Trustee was appointed to administer the Trust. Plaintiff is authorized and has standing to, among other things, pursue, prosecute, compromise, release, settle, or otherwise dispose of this avoidance action.

15. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provide insurance services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 485 Lexington Avenue, New York, New York 10017. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of the State of Minnesota.

**FACTUAL BACKGROUND**

16. As more fully discussed in the *Declaration of Kenneth Tarpey in Support of Debtors' Chapter 11 Petitions and First Day Relief*[6] and the Disclosure Statement, as of the Petition Date, the Debtors provided software solutions to help advertisers and media companies plan, execute, and measure ad campaigns across television and digital media, with innovations including a direct integration with Nielsen, the dominant provider of television data in the United States, as well as many other data providers, including those with global capabilities.

[5] D.I. 979.

[6] D.I. 14.

17. Prior to the Petition Date, the Debtors, as a software solutions provider, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

18. As a software solutions provider, the Debtors regularly purchased goods from various entities including vendors, creditors, suppliers and distributors. The Debtors also regularly paid for services used to facilitate their business.

19. The Debtors' financial difficulties that led to the decision to file the Bankruptcy Case are attributable to a combination of factors, all of which placed severe stress on the Debtors' liquidity position in the months leading up to the Petition Date. These factors included, among other things: (i) a rapid decline in sales; (ii) failed attempts to sell the Debtors; and (iii) a longer than expected lead time in creating a new revenue stream.

20. As of the Petition Date, the Debtors utilized a cash management system (the "Cash Management System") for the collection, concentration, management, and disbursement of funds in the Debtors' business. As of the Petition Date, the Cash Management System consisted of several bank accounts, including collections, disbursement, and operating accounts, which were maintained at HSBC UK LTD ("HSBC"), Wells Fargo, N.A. ("WF"), Wells Fargo London Branch ("WF London"), and Silicon Valley Bank ("SVB"). [See D.I. No. 11].

21. Among these bank accounts, disbursements to vendors were made from the Debtors' accounts ending 0046, 1615, 1617, 6295, 8188, 5920, 6139, and 0498 (collectively, the "Disbursement Accounts").

22. The Debtors drew upon the Disbursement Accounts to pay for their operational costs, including payment to their vendors, suppliers, distributors, and other creditors, including Defendant.

23. During the ninety (90) days before the Petition Date, that is between February 9, 2018 and May 10, 2018 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

24. Upon information and belief, during the course of their relationship, the Defendant and one or more of the Debtors entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant or the debt otherwise incurred by one or more of the Debtors to the Defendant as described in the "Parties" section of this Complaint. The details of each of the transfers under the Agreements made during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

25. Defendant conducted business with one or more of the Debtors through and including the Petition Date pursuant to the Agreements or otherwise held a debt owed by one or more of the Debtors.

26. As identified in the Agreements identified on Exhibit A, one or more of the Debtors purchased goods and/or services from Defendant.

27. Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of the Debtors' property made by the applicable Debtor(s) to Defendant within the Preference Period.

28. Plaintiff has determined that one of more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period

through payments aggregating to an amount not less than $29,546.81 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

29. On or about March 9, 2020, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to 11 U.S.C. § 547(c), and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same. Plaintiff also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

30. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

31. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by the Plan, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this

adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

32. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

33. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, the Debtor(s) identified on Exhibit A made Transfers to or for the benefit of Defendant in an aggregate amount not less than $29,546.81.

34. Each Transfer was made from one or more of the Disbursement Accounts described *supra,* and constituted transfers of an interest in property of the transferring Debtor(s) as identified on Exhibit A.

35. Defendant was a creditor at the time of each Transfer by virtue of supplying the Debtor(s) identified on Exhibit A goods and/or services identified in this Complaint and in the Agreements, as more fully set forth on Exhibit A hereto, for which the Debtor(s) identified on Exhibit A were obligated to pay following delivery in accordance with the Agreements, or by virtue of otherwise holding a debt owed by one or more of the Debtors.

36. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on Exhibit A to Defendant.

37. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on Exhibit A to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim"

(as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor(s) as set forth on Exhibit A hereto.

38. Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

39. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

40. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' case were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

41. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**COUNT II**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

42. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

43. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, or was a prepayment for goods and/or services subsequently received, or was a transfer made by one Debtor without a corresponding transfer into the payment account by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

A. The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

B. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

C. The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

44. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

**COUNT III**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

45. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

46. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and/or any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

47. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

48. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

**COUNT IV**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

49. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

50. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

51. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

52. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

53. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant him the following relief against Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b) and/or 548 and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 21, 2020

**MORRIS JAMES LLP**

By: /s/ Brya M. Keilson
Brya M. Keilson, Esq., DE4643
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6959
bkeilson@morrisjames.com

*-and-*

Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Bethany Rubis, Esq., MN SBN 0398519
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 289-3870
Fax: (651) 406-9676
Email: brubis@askllp.com

*Counsel for Peter Kravitz, in his Capacity as Litigation Trustee of the VG Liquidating Trust*